JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
IAN DALGLEISH

**DEFENDANTS**
Home Depot U.S.A.,Inc. (misnamed, Home Depot, Inc.)

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County (PA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cobb (GA)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
W.Charles Sipio, Esquire, KOLMAN ELY, P.C., 414 Hulmeville Ave., Penndel, PA 19047, (215) 750-3134

Attorneys *(If Known)*
Kenneth M. Dubrow, Esquire, The Chartwell Law Offices, LLP, One Logan Square, 130 N. 18th Street, Phila., PA 19103, (215) 972-7006

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332(a) and 1446(b) Diversity

Brief description of cause:
Defamation and negligent hiring

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
50,000.00 (in excess)

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
11/16/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| IAN DALGLEISH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-CV- |
| | : | |
| HOME DEPOT, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                        ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 11/16/15 | Kenneth M. Dubrow, Esquire | Home Depot U.S.A., Inc. (misnamed, Home Depot, Inc.) |
| Date | Attorney-at-law | Attorney for DEFENDANT, |
| 215-972-7006 | 215-972-7008 | kdubrow@chartwelllaw.com |
| Telephone | FAX Number | E-Mail Address |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 3576 Church Hill Lane, Philadelphia, PA  19144

Address of Defendant: 2455 W. Paces Ferry Rd., Atlanta, GA  30339

Place of Accident, Incident or Transaction: 1336 Bristol Pike, Bensalem, PA 19020

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))               Yes□ No X

Does this case involve multidistrict litigation possibilities?                                                     Yes□   No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                          Yes□  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                          Yes□  No  X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                               Yes□   No X

    Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                          Yes□ No X

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. X Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Premises Liability)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____ , counsel of record do hereby certify:

□ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs; □ Relief other than monetary damages is sought.

DATE: _____      _____      _____
                              Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/16/15      _____      34665
                        KENNETH M. DUBROW, ESQUIRE      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN DALGLEISH | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 15-CV- |
| | : | |
| HOME DEPOT, INC. | : | |
| | : | |
| Defendant. | : | |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendant, Home Depot U.S.A., Inc. (misnamed above, Home Depot, Inc.) ("Home Depot"), hereby submits notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above entitled action to this Court and, in support thereof, respectfully represents:

1.    Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2.    Upon information, knowledge and belief, Plaintiff, Ian Dalgleish, is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing at 3576 Church Hill Lane, Philadelphia, Pennsylvania 19144, and is domiciled at that address.

3.    At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4.    On January 10, 2014, Plaintiff instituted the above action, by way of Summons, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Bucks County, as of Docket No. 2014-00202. Therein, Plaintiff named both Home Depot and Eric Barlow ("Barlow") as defendants.

5.      Plaintiff filed this matter as a major non-jury case seeking damages "outside the arbitration limits", in excess of $50,000.00, exclusive of interest and costs, for Bucks County, Pennsylvania.

6.      On or about October 23, 2015, Plaintiff filed his Complaint (the "Complaint"), a copy of which is attached hereto as Exhibit "B," charging Home Depot, alone, with defamation and negligent hiring arising from alleged false allegations of criminal wrongdoing lodged against Plaintiff by Home Depot. Barlow is not named as a defendant in the Complaint; there are no individual allegations against Barlow in the Complaint.

7.      The Complaint also seeks damages in excess of $50,000.00, exclusive of interest and costs, the sum representing the arbitration limits of Bucks County.

8.      On November 6, 2015, Home Depot's co-counsel, Darren L. Harrison, Esquire ("Harrison"), spoke with Plaintiff's counsel, W. Charles Sipio, Esquire ("Sipio"), during which Sipio confirmed Plaintiff valued his claim in excess of $75,000.00, exclusive of interest and costs, thereby establishing the monetary threshold for diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

9.      Per letter dated November 6, 2015, a copy of which is attached hereto as Exhibit "C," Harrison confirmed Sipio's valuation of Plaintiff's claim in an amount in excess of $75,000.00, exclusive of interest and costs, and advised Sipio that Home Depot would be removing the case to federal court.

10.     Diversity of citizenship exists between Plaintiff, a citizen, resident and domiciliary of the Commonwealth of Pennsylvania, and Home Depot, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Georgia.

11.     The said diversity of citizenship existed at the time the action sought to be

removed was commenced by Complaint, and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Home Depot is entitled to removal pursuant to 28 U.S.C. §1441, et seq.

12.    This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt by Home Depot of the Complaint.

WHEREFORE, the above action now pending against Defendant, Home Depot U.S.A., Inc., (misnamed above, Home Depot, Inc.), in the Pennsylvania Court of Common Pleas, Bucks County, is removed therefrom to this Honorable Court.

Respectfully submitted,

THE CHARTWELL LAW OFFICES, LLP

BY: _____

KENNETH M. DUBROW, ESQUIRE
Identification No. 34665
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103
(215) 972-7006

Attorneys for Defendant,
 Home Depot U.S.A., Inc.

9222.0053047 (Dalgleish)/Notice of Removal

## VERIFICATION

I, KENNETH M. DUBROW, ESQUIRE, hereby verify that I am counsel for Defendant, Home Depot U.S.A. ("Home Depot"); that I have read the foregoing Notice of Removal and know the contents thereof; that I am authorized to make this Verification on behalf of Home Depot; and that the facts alleged in the Notice of Removal are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

KENNETH M. DUBROW, ESQUIRE

Date: 11/16/15

# EXHIBIT A

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

Bucks _____ **County**

| For Prothonotary Use Only |
|---|
| Docket No: |

Case Number: 2014-00202                    0
Receipt:  2014-37-00132      Judge: 26
Code:  110            Filing:  10442044
Patricia Bachtle - Bucks Co Prothonotary
509              1/10/2014  2:50:46 PM

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Ian Dalgleish | The Home Depot |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney:  Timothy M. Kolman, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

**IAN DALGLEISH**
3576 Church Hill Lane
Philadelphia, PA 19144

       *Plaintiff,*

   vs.

**THE HOME DEPOT, INC.**
1336 Bristol Pike
Bensalem, PA 19020

     -and-

**ERIC BARLOW**
13451 Stevens Road
Philadelphia, PA 19116

      *Defendants.*

FILE NO. _____

CIVIL ACTION_____

Case Number: 2014-00202   0
Receipt:  2014-37-00132  Judge:25
Code: 110      Filing: 10442044
Patricia Bachtle - Bucks Co Prothonotary
809     1/10/2014 2:50:46 PM

<u>**PRAECIPE FOR WRIT OF SUMMONS**</u>

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in the above-captioned matter.

<u>2</u> Writ(s) of Summons shall be issued and forwarded to Attorney/Sheriff.

KOLMAN ELY, P.C.

Timothy M. Kolman, Esquire
W. Charles Sipio, Esquire
Attorney ID #: 51982, 314352
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

DATED: January 10, 2014

## IN THE COURT OF COMMON PLEAS OF
## BUCKS COUNTY, PENNSYLVANIA
## CIVIL DIVISION

**IAN DALGLEISH**
3576 Church Hill Lane
Philadelphia, PA 19144

       *Plaintiff,*

    vs.

**THE HOME DEPOT, INC.**
1336 Bristol Pike
Bensalem, PA 19020

      -and-

**ERIC BARLOW**
13451 Stevens Road
Philadelphia, PA 19116

       *Defendants.*

FILE NO. _____

Case Number: 2014-00202
Receipt:   2014-37-00132        Judge: 25
Code: 110                Filing: 10442044
Patricia Bachtle - Bucks Co Prothonotary
B09        1/10/2014 2:50:46 PM

CIVIL ACTION _____

## SUMMONS IN CIVIL ACTION

TO:   **THE HOME DEPOT, INC.**

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS COMMENCED AN ACTION AGAINST YOU.

**PATRICIA L. BACHTLE,**

**PROTHONOTARY**

Date: _1-10 -14_____

By: _____
                                 Deputy

**SEAL OF THE COURT**

**IN THE COURT OF COMMON PLEAS OF**
**BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

**IAN DALGLEISH**
3576 Church Hill Lane
Philadelphia, PA 19144

    *Plaintiff,*

  vs.

**THE HOME DEPOT, INC.**
1336 Bristol Pike
Bensalem, PA 19020

    **-and-**

**ERIC BARLOW**
13451 Stevens Road
Philadelphia, PA 19116

    *Defendants.*

FILE NO. _____ 2014-202 _____

CIVIL ACTION _____

---

## SUMMONS IN CIVIL ACTION

TO: **ERIC BARLOW**

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS COMMENCED AN ACTION AGAINST YOU.

**PATRICIA L. BACHTLE,**

**PROTHONOTARY**

Date: ___ 1-10-14 ___    By: _____
                 Deputy

**SEAL OF THE COURT**

# EXHIBIT B

KOLMAN ELY, P.C.
By:    W. Charles Sipio, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
Attorney ID #: 51982, 69670, 314352
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS
### OF BUCKS COUNTY
### CIVIL DIVISION

IAN DALGLEISH

     *Plaintiff,*

     vs.

HOME DEPOT, INC.

     *Defendant.*

NO. 2014-00202

CIVIL ACTION

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER

AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO

TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT

WHERE YOU CAN GET LEGAL HELP.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone (215) 348-9413, 1-800-479-8585
www.bucksbar.org
PA Bar Association: www.pabar.org

*W. Charles Sipio*

W. Charles Sipio, Esquire
Attorney ID #: 314352

*Attorney for Plaintiff*

10/29/2015 12:00:00 AM          20151090584          6020151029004921

2015-10-25 02:13 4103PR 2156338270   2156338270 >>   yyyy   P 3/9

KOLMAN ELY, P.C.
By:   W. Charles Sipio, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
Attorney ID #: 51982, 66670, 314352
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138                    *Attorneys for Plaintiff*

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY
CIVIL DIVISION

IAN DALGLEISH,

              *Plaintiff*                    NO. 2014-00202

           vs.                               CIVIL ACTION

HOME DEPOT, INC.
1336 Bristol Pike
Bensalem, PA 19020

              *Defendant.*

COMPLAINT

     Plaintiff, by and through her undersigned counsel, hereby files the following

Complaint against Defendant:

INTRODUCTION

1.     Plaintiff has initiated the instant action to recover damages against the

     Defendant.

10/29/2015 12:00:00 AM          20151090584          6020151029004921

## PARTIES

2.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

3.    Ian Dagleish ("Plaintiff") is an adult and citizen of the Commonwealth residing at the above-captioned address.

4.    Defendant Home Depot, Inc. ("Defendant") is believed and therefore averred to be incorporated pursuant the laws of the Commonwealth of Pennsylvania with a principal place of business at the above-captioned address.

5.    At all times relevant herein, Defendants acted or failed to act through its agents, executives, directors, officers, servants and/or employees, acting under the control of and for the benefit of Defendants and within the course and scope of their authority, agency and/or employment.

## VENUE

6.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

7.    Venue is properly laid in the County of Bucks pursuant to Rule 2179(a)(2) of the Pennsylvania Rules of Civil Procedure because the Defendant regularly conducts business in this county.

## FACTUAL BACKGROUND

8.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

2

2015-10-25 02:14 4103PR 2156338270          2156338270 >>          ՝՝՝՝          P 5/9

9.  On or about January 15, 2013 at approximately 9:00 PM, the Bensalem Police Department responded to the Home Depot store located on Bristol Pike in Bensalem Township, Pennsylvania.

10. Upon arrival, Officer Gregory DiPaolo met with Defendant's security officer, Eric Barlow.

11. Barlow told DiPaolo that he was "made aware" of an employee theft that occurred on or about January 8, 2013 at the Bensalem location.

12. Barlow viewed a video from a closed-circuit television and identified Plaintiff as an individual who was involved in a theft from the store.

13. Specifically, in the video, Barlow identified an unknown African-American black male acting in a "suspicious manner."

14. The African-American was loading a cart in the "tool coral", which is believed to be the area where the Bensalem location sold tools.

15. Barlow further identified Plaintiff as meeting with the African-American male, having a conversation with him and escorting the African American male out of the tool department.

16. Barlow further identified Plaintiff as watching the African-American leaving the store through the contractor's entrance without paying.

17. Barlow further identified Plaintiff as aiding another African American male engaging in similar activity.

18. Following these false accusations against Plaintiff, an arrest warrant was issued for Plaintiff wherein he was charged in the Court of Common Pleas

3

of Bucks County, Pennsylvania with retail theft and criminal conspiracy

at Docket No. CP-09-CR-0001664-2013.

19.   The charges were without merit and were *nolle prossed* on or about

August 21, 2013.

20.   Defendant, in allowing Barlow to falsely accuse Plaintiff of a crime, is

liable for damages to him.

## COUNT I
## DEFAMATION

21.   The averments of the foregoing paragraphs are hereby incorporated by

reference as if set forth fully herein.

22.   By making a false criminal accusation against Plaintiff, Defendant is

liable to Plaintiff through its agent Barlow for defamation under

Pennsylvania law.

23.   Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in

her favor and against Defendants for damages in excess of fifty thousand dollars

("$50,000.00") and enter any and all other relief it deems to be just and proper.

## COUNT II
## NEGLIGENT HIRING

24.   The averments of the foregoing paragraphs are hereby incorporated by

reference as if set forth fully herein.

25.   It has long been the law in the Commonwealth that an employer

may be liable in negligence if it knew or should have know that an

4

employee was dangerous, careless or incompetent and such employment

might create a situation where the employee's conduct would harm a

third person.

26.    Defendant is liable for negligently hiring / employing Barlow insofar as he

caused injury to the Plaintiff.

27.    Defendant breached its duty to protect Plaintiff against a risk of harm.

28.    At all times relevant hereto, the actions taken by Barlow were reasonably

foreseeable under the circumstances of the case.

29.    Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in

her favor and against Defendants for damages in excess of fifty thousand dollars

("$50,000.00") and enter any and all other relief it deems to be just and proper.

Respectfully submitted,

W. Charles Sipio, Esquire
Attorney ID #: 314352

6

2015-10-25 02:15 4103PR 2156338270          2156338270 >>                ÿÿÿÿ      P. 8/9

## VERIFICATION

I, Ian Dalgleish, verify that the statements made in the attached Complaint are true and correct to the best of my knowledge, information, and belief, and that this verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

_____
IAN DALGLEISH

Dated: _10-22-2015_

**KOLMAN ELY, P.C,**
By:    W. Charles Sipio, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
Attorney ID #: 61982, 69670, 314852
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-8188

*Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS
## OF BUCKS COUNTY
## CIVIL DIVISION

IAN DALGLEISH

*Plaintiff,*

vs.

HOME DEPOT, INC.

*Defendant.*

NO. 2014-00202

CIVIL ACTION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Complaint was served

upon the following via First-Class Mail and, the same of which satisfies

Pa.R.Civ.P. 440 insofar as Defendant has already been served with original process:

Home Depot, Inc.
1826 Bristol Pike
Bensalem, PA 19020

*Defendant*

*W. Charles Sipio*
W. Charles Sipio, Esquire

Dated:    10/22/15

# EXHIBIT C



# THE CHARTWELL
## LAW OFFICES, LLP

**DARREN L. HARRISON, ESQUIRE**
Direct Dial: (215) 972-5420
dharrison@chartwelllaw.com

**Reply To: Philadelphia Office**
One Logan Square
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103
Phone: (215) 972-7006
Facsimile: (215) 972-7008

November 6, 2015

**Via E-Mail**
W. Charles Sipio, Esquire
Kolman Ely P.C.
414 Hulmeville Avenue
Penndel, PA  19047

Re:   Ian Dalgliesh v. Home Depot, Inc.
        CCP Bucks Cty; No. 2014-00202

Dear Mr. Sipio:

In furtherance of today's telephone conversation, we reviewed the Complaint filed in this matter and note that it does not identify a jury demand, but seeks damages in excess of the arbitration limit. As you have advised that Plaintiff values his claim in excess of $75,000, exclusive of interest and costs, we will be removing the matter to federal court. However, since the Complaint, in and of itself, does not include a jury demand, we will file a jury demand once the matter is removed, unless you prefer to do so. Please advise us accordingly.

Following removal, the Court will send you a letter advising you that damages are presumed to be less than $150,000, unless you, as Plaintiff's counsel, execute and file with the Court a certification that the damages claimed exceed $150,000, thereby warranting a jury trial.

Thank you for your attention herein.

Very truly yours,

DARREN L. HARRISON

DLH/
9222.0053047 (Dalgleish)/Ltr to Sipio 11.06.15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN DALGLEISH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-CV- |
| | : | |
| HOME DEPOT, INC. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date listed below a true and correct copy of the Notice for

Removal of Action pursuant to 28 U.S.C. §1441 filed by Defendant, properly named, Home

Depot U.S.A., Inc., was served upon the following by United States first class mail, postage pre-

paid, addressed as follows:

> W. Charles Sipio, Esquire
> Koleman Ely, P.C.
> 414 Hulmeville Avenue
> Penndel, PA 19047

THE CHARTWELL LAW OFFICES, LLP

Dated: 11/16/15

BY: _____
KENNETH M. DUBROW, ESQUIRE
Attorneys for Defendant,
Home Depot U.S.A., Inc.